SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Lorenzo Thomas, Jr., ) | No. CV 09-0708-PHX-DGC (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| MCSO, et al., ) | |
| Defendants. ) | |

Plaintiff Robin Lorenzo Thomas, Jr., who is confined in the Lower Buckeye Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.)[1] The Court will order Defendant Hatton to answer Count I of the Complaint and will dismiss the remaining claims and Defendant without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $21.34. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

---

[1] "Doc.#" refers to the docket number of filings in this case.

**TERMPSREF**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Plaintiff alleges three counts for excessive force, disciplinary proceedings, and retaliation. He sues the Maricopa County Sheriff's Office (MCSO) and Officer Hatton. Plaintiff seeks injunctive and compensatory relief.

Plaintiff alleges the following facts: Plaintiff has an anxiety disorder. On March 28, 2009, Plaintiff was placed in an overcrowded cell. Plaintiff suffered an anxiety attack and yelled in a panic. Officer Hatton ordered Plaintiff to step out of the cell. When Plaintiff did, apparently calling Hatton a "Fat Boy," Hatton grabbed Plaintiff. Plaintiff stepped back and asked Hatton why he was grabbing him. Hatton began pushing Plaintiff and Hatton and his partner grabbed Plaintiff by the neck and slammed him to the ground. They cuffed Plaintiff and stood him up. Hatton then began pushing Plaintiff in the chest causing Plaintiff to suffer chest, back, neck, wrist, and finger problems.

## IV. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

/ / /

**A.  MCSO**

MCSO is not a proper defendant. In Arizona, the responsibility for operating jails and caring for prisoners is placed by law upon the sheriff, see A.R.S. §§ 11-441(A)(5), 31-101, while the responsibility for providing medical care for prisoners is placed by law on the county, see A.R.S. §§ 11-251(8), 11-291(A). MCSO is simply an administrative creation of the sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983. Accordingly, MCSO will be dismissed as a defendant.

**B.  Disciplinary Proceedings**

Plaintiff alleges that his due process rights have been violated in connection with disciplinary proceedings. According to records available on-line, Plaintiff is awaiting trial on one count following a mistrial.[2] Thus, Plaintiff was a pretrial detainee at relevant times.

A pretrial detainee is entitled to due process before being subjected to punishment, whether for the crime with which he is charged or for violation of jail disciplinary rules. See Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996). Further, a pretrial detainee has a substantive due process right against restrictions that amount to punishment for criminal offenses. Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing United States v. Salerno, 481 U.S. 739, 746 (1987); Bell v. Wolfish, 441 U.S. 520, 535 (1979); Redman v. County of San Diego, 942 F.2d 1435, 1440-41 (9th Cir.1991) (*en banc*)). This right is violated if restrictions are "imposed for the purpose of punishment." Bell, 441 U.S. at 535. For particular governmental action to constitute punishment, the action must cause the detainee to suffer some harm or disability, and the purpose of the action must be to punish the detainee. Demery v. Arpaio, 378 F.3d 1020,1029 (9th Cir. 2004). But jail officials are entitled to impose restrictions to effect confinement, and detention will necessarily affect a detainee's ability to live as comfortably as he might like; a *de minimis* level of imposition is permissible. Bell, 441 U.S. at 539 n.21. There is no constitutional infringement, if restrictions are "but an incident of some other legitimate government purpose." Id. In such

---

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/042009/m3670020.pdf.

a circumstance, governmental restrictions are permissible. Salerno, 481 U.S. at 747.[3]

Although Plaintiff may be able to allege additional facts sufficient to state a claim for violation of his due process rights, he has not done so in his Complaint. Plaintiff alleges that he received a write-up for assaulting Officer Hatton, who according to Plaintiff lied to cover-up his own wrong-doing, and Plaintiff was placed in the "hole" for a week before seeing a hearing officer. Plaintiff alleges that he was subsequently sentenced to serve 30 days in the hole and reclassified to maximum security.

Plaintiff's initial placement in "the hole" before a hearing appears to refer to placement in administrative segregation. Placement in administrative segregation does not implicate due process. Valdez, 302 F.3d at 1045. Plaintiff otherwise alleges that he was sanctioned after being found guilty of a disciplinary violation that resulted in his placement in the hole, i.e., disciplinary segregation for 30 days, and reclassification to maximum security. Plaintiff fails to allege facts to support that he was denied due process safeguards before being sanctioned for disciplinary violations. Accordingly, Plaintiff fails to state a due process claim.

---

[3] Thus:
Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. Traditionally, this has meant confinement in a facility which, no matter how modern or how antiquated, results in restricting the movement of a detainee in a manner in which he would not be restricted if he simply were free to walk the streets pending trial. Whether it be called a jail, a prison, or a custodial center, the purpose of the facility is to detain. Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility. And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

Bell, 441 U.S. at 537.

### C.     Retaliation

In Count III, Plaintiff alleges that Hatton retaliated against him by pushing him and roughing him up "a little bit" after Plaintiff called him "Fat Boy."  To state a constitutional claim for retaliation, a plaintiff must allege that a defendant acting under color of state law took adverse action against him because he engaged in protected conduct, that the adverse action was not narrowly tailored to advance legitimate correctional goals, and that the adverse action chilled the plaintiff's exercise of his First Amendment rights or caused the prisoner to suffer more than minimal harm. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest").

Plaintiff appears to assert that Hatton retaliated against Plaintiff after Plaintiff called Hatton "Fat Boy."  Plaintiff's allegations do not support that he was engaged in conduct protected by the First Amendment in a prison setting. See Ruiz v. California Dep't of Corr., No. , 2007 WL 1827637 at *2 (C.D. Cal. April 22, 2008) (prisoner's comments expressing dissatisfaction about matters of personal concern to inmate was not a matter of public concern protected by the Free Speech Clause); Whitfield v. Snyder, No. 06-1634, 2008 WL 397457 at *3 (7th Cir. Feb. 14, 2008) (prisoner's complaint about prison job involved matters of personal, rather than public, concern and did not qualify as protected speech); Hurd v. Scribner, No. 06CV0412 JAH (LSP), 2007 WL 1989688 at * 11 (S.D. Cal. May 2, 2007) ("a prison regulation prohibiting the use of disrespectful language does not violate First-Amendment rights and prisoners can be disciplined for violation such a prohibition," citing Bradley v. Hall, 64 F.3d 1276, 1280 (9th Cir. 1995)).  Calling a detention officer "Fat Boy" is not a matter of public concern that is protected by the First Amendment.  Because Plaintiff fails to allege facts to support that Hatton retaliated against him for exercising a constitutionally protected right, Plaintiff fails to state a claim for retaliation.

## V. Claims for Which an Answer Will be Required

In Count I, Plaintiff alleges that Hatton used excessive force against him. Hatton will be required to respond to that Count.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**. (Doc.# 3.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $21.34.

(3) Counts II and III and Defendant MCSO are **dismissed** without prejudice.

(4) Defendant Hatton must answer Count I.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (doc.# 1), this Order, and both summons and request for waiver forms for Defendant Hatton.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the

summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 11th day of May, 2009.

David G. Campbell
United States District Judge