**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Lorenzo Thomas, Jr., | No. CV 09-0708-PHX-DGC (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| MCSO, et al., | |
| Defendants. | |

Plaintiff Robin Lorenzo Thomas, Jr., while confined in the Lower Buckeye Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In its order of May 12, 2009, the Court expressly told Plaintiff that, should his address change, he "must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure" and that "[f]ailure to comply may result in dismissal of this action." Dkt. #6 at 6.

On August 14, 2009, Defendant Hatton filed a motion to dismiss the case. Dkt. #11. Magistrate Judge Irwin ordered Plaintiff to respond by September 17, 2009. Dkt. #12. Plaintiff did not respond. On September 24, 2009, Magistrate Judge Irwin ordered Plaintiff to file a notice of change of address or respond to Defendant's motion to dismiss. Dkt. #14. Judge Irwin also notified Plaintiff that his action could be dismissed if he did not respond. *Id.* Plaintiff did not respond. On October 23, 2009, this Court, after weighing the five factors discussed in *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), determined that dismissal was warranted and dismissed the action. Dkt. #15.

On November 2, 2009, Plaintiff filed the pending motion to reinstate the case on the

ground that he was not aware of mail sent to him because he was transferred to the Arizona State Prison Complex - Florence North Unit. Dkt. #17. The Court will construe this as a motion under Rule 60(b) of the Federal Rules of Civil Procedure, which permits relief from a final judgment based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, without reasonable diligence, could not have been discovered in time; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Plaintiff has not shown that he is entitled to relief under any of these bases. He does not state that he was unable to inform the Court of his address change, nor does he provide any reason for his failure to do so in a timely manner. Moreover, he has failed to file a reply to Defendants' response to his motion, which further shows a lack of interest on Plaintiff's part in prosecuting his claim.

Before it dismissed this case, the Court carefully weighed the following five factors as required by the Ninth Circuit: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendant, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Dkt. #15 at 2; *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In so doing, the Court found that the first, second, and third factors weighed in favor of dismissal. Dkt. #15 at 2. Plaintiff has failed to show that the Court's order was incorrect, and he does not argue that circumstances have changed such that the Court should reconsider its decision. Under these circumstances, the Court finds that dismissal was warranted and will not reinstate Plaintiff's claims.

**IT IS ORDERED** that Plaintiff's motion to reinstate (Dkt. #17) is **denied**.

DATED this 3rd day of February, 2010.

_____
David G. Campbell
United States District Judge